IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALI KOURANI, #79196054,

     Plaintiff,

v.

UNITES STATES OF AMERICA

     Defendant,

Case No. 23-3501-JPG

Jury Trial

## I. JURISDICTION & VENUE

1. This a civil action pursuant to Federal Tort Claims Act ("FTCA") , 28 U.S.C. §1346(b), 1402(b), 2401(b) and 2671-2680.The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Southern District of Illinois is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) becuase it is where the events giving rise to this claim occured.

## II. PLAINTIFFS

3. Plaintiff, Ali Kourani, #79196054, is and was at all times mentioned herein a prisoner of the United States of America's government, in the custody of the Federal Bereau of Prisons (BOP). He is currently confined in United States Penitentiary, Marion, Illinois.

## III. DEFENDANTS.

4. United States of America, United States Attorney General Office, Merrick Garland, 950 Pennsylvania Ave. N.W., Washington D.C. 20530.

## IV. FACTS

5. Plaintiff, Ali Kourani, is a Federal inmate currently confined to the United States Penitentiary - Marion, Illinois. During the most

-1-

events of this civil action, Mr. Kourani was incarcerated in USP Marion, Communication Management Unit ("CMU"). See Federal Bureau of Prisons Program Statement 5214.02; Aref v. Lynch, et al., 833 F.3d 242 (D.C. Cir 2016). Plainitff arrived to the CMU on March 18, 2021. Moved out of the CMU to General Population on August 8, 2023.

6. Plaintiff has been taking psychiatric medication since 2017, for anxiety and depression, and while at the Metropolitan Correctional Center, New York ("MCC-NY") Plaintiff wore 2 ankle braces because of a knee/ ankle injury and because the Plaintiff suffered obesity that made it NOT ONLY difficult for plaintiff to walk, but that caused him a significant amount of pain on his back, legs, and ankles. The braces were also to protect his ankles while staying active.

7. On April 18, 2021, the Plaintiff saw Dr. R. Pass, the Clinical Director at United States Penitentiary, Marion, IL, for a medical check-up and psychiatric medication. The plaintiff told Pass that he needed 2 ankle braces, like he used to have in MCC-NY, because his right ankle was injured and because of his obesity problem. Plaintiff also explained to Pass that he needed to exercise more often, since the Plaintiff was locked up in a cell for quarantine at MCC-NY, and other FBOP issues, and that excercizing helps the plaintiff relieve some of the stress, anxiety, and depression he is suffering from. Without the ankle braces Plaintiff cannot exercise without suffering significant and excruciating pain in his knees and ankles.

8. Paintiff told Pass that while he was at MCC-NY he had 2 ankle braces and other bandages, which all were confiscated during the Plaintiff's transit. Plaintiff also asked Pass for orthopedic shoes, like those given to daibetic persons, to protect the Plaintiff's ankles. Upon looking at the Plaintiff's medical records, he saw that an X-ray was taken of the Plaintiff's right ankle, and then ONLY gave the Plaintiff

an ankle brace for his <u>right</u> ankle.

9. On May 18, 2021, The Plaintiff twisted his <u>LEFT</u> ankle while he was playing Volleyball, and the next day the Plaintiff's <u>LEFT</u> ankle was swollen with black and blue bruises on the sides. He couldn't walk on it. That day was the weekly walk-through day through the CMU by the Executive Staff and Department Heads, which usu¬ally occurs on a Wednesday. The Plaintiff spoke to Mrs. Harbison, the Health Services Administrator at USP Marion, and/ or other medical staff prsence, and told her that he needed to see a doctor immediately, and that he needed either a wheelchair or crutches to move around, ice packs and Ace Bandages to wrap around his swollen ankle, and he asked that his ankle be X-rayed. Plaintiff clearly showed Mrs. Harbison his extensively swollen ankle.

10. Harbison wrote the Plaintiff's name down. By Friday, May 20, 2021, no medical staff had seen the Plaintiff. During this time, the Plaintiff was confined to this bunk/ cell, unable to move because of the pain and swollen leg, and other inmates had to bring the plaintiff food, water, and ice for his swollen ankle.

11. On May 23, 2021, on a Monday, the Plaintiff waited by the CMU Officers'station to see the medical staff for sickcall, and to show them the Plaintiff's swollen and bruised ankle. The Plaintiff saw Nurse McGee that day and he reiterated that he needed either crutches or a wheelchair, ACE bandages and to see a Doctor immediately. McGee said he would "look into it", and wrote his name down. Plaintiff waited several days, and saw other nurses: McGee, Hughes, and Moulten on sick-call more like 6 times but no medical attention was provided to the plaintiff.

12. For about <u>THREE</u> weeks after this, the Plaintiff could barely move. Plaintiff spoke to nurses McGee, Hughes, and others and show them the

Plaintiff swollen - brusied ankle, but no one cared at all, or even provided the Plaintiff any medical attention after his previous encounter with medical staff, mentioned earlier, despite being aware that the Plaintiff was in excruciating pain and that he was not walking normally on his leg. The PA's and other staff, including the Warden Sproul and Harbison, acted completely indifferent to the Plaintiff's pain and suffering.

13. In early June of 2021, despite the pain that the Plaintiff was in, Plaintiff had to start working out on his upper body only becuase the depression and anxiety that the Plaintiff was, and is, suffering from, alot of it due to the government's Federal Employees refusal to provide the Plaintiff with medical care, and was starting to take their toll on the Plaintiff. Plaintiff is still in the process of fighting his criminal conviction, and combined with the anxiety and depression brought on by the Defendant's employees refusal to provide the Plaintiff with ANY medical care, Plaintiff medical conditions have worsened. The Plaintiff can not run, jump, climb the stairs, or put weight on his ankles and feet for a long periods of time, or he will be in excruciating pain. Alot of times, when the above mentioned federal employees, such as the PA, adminstration, and nurses, come to the unit, they would talk to plaintiff with contempt and ignorance, as if getting medical attnetion was, and is, a great privilege that the Plaintiff is NOT supposed to have. None of the Defendant's federal employees, mentioned above, especially the medical staff, touched or examined the Plaintiff's ankle, to check the range of motion, and barely looked at it.

14. On the July 14, 2021, the Plaintiff spoke to Defendant's highest power in prison, Warden Sproul, during the weekly walk-through, when the Plaintiff and all the other CMU inmates are locked down in their

-4-

cells, and then called for the Health Adminstrator Harbison, who looked at the Plaintiff's ankle and saw the bruising, and she wrote the Plaintiff's name down, as for to call him to be examined by medical staff. But no medical attention was ever provided.

15. At some point in time, Defendants' employees working under their official capacity, reached an agreement to retaliate against the Plainftiff for complaining about his medical issues, and agreed to NOT provide the Plaintiff with medical attention, because of the Plaintiff's complaints, effectively cutting the Plaintiff completely off from healthcare at USP- Marion, Illinois.

16. Plaintiff is complaining about medical issues that to this day, are still ongoing issues, and not limited to one particular incident. The plaintiff was obstructed and denied access to the grievance system, by the United States federal employees: Case Manager N. Simpkins, Associate Warden Secretary M. Wallace, and others. The grievence the Plaintiff turned in about the above mentioned medical issues were not answered porperly in a timely maner and deliberately not delivered to the Post Office to be mailed. The delivery of remedy responses were intentionally delayed and arbitrarly denied for any absurd reason, in a deliberate way to make a normal remedy process unavailable to the Plaintiff. The Plaintiff was pushed two steps back every time he has moved a step forward in his remedy process, all at the ultimate expense of his mental and physical health. The urgency and the seriousness of the medical issues at hand and the Defendant's employees deliberate indifference to the Plaintiff's medical needs require the urgent interference this Honorable Court.

17. When Plaintiff requested his medical records, to his surprise, no medical staff had ever recorded in the system the injury to his left ankle, despite all the sick-calls he went to or his continous complaints .

-5-

18. On October 28, 2021, the Plaintiff finally got to see the Physician's Assistant L. Brooks to discuss his Psychiattric medication. Plaintiff stated to the P.A. his ankle injury and the continous pain. P.A. checked his ankle range of motion and ordered an X-ray to his left ankle. When the Plaintiff asked for ankle support such as a brace or a bandage, so that he can stay active while not injuring his ankle again, P.A. denied his request until an X-ray is done. Eventually the P.A. did what supposedly should have been done FIVE months ago.

19. The plaintiff filed his FTCA on 9/3/2021, to the North Central Regional Office, for the BOP, Calim #: TRT-NCR-2022-00373, seeking 10,000,000.00 dolars for personal injury. The FTCA was denied on 4/12/2022, by Mary A. Noland, Regional Counsel. What's more, Mrs. Noland stated in her denial response that "investigation of your claim did not reveal that you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment."

20. The plaintiff filed a civil lawsuit, under Biven claims, in Wlliamson County, State of Illinois, which was later removed to the Southern District of Illinois, Federal Court, Case No. 21-cv-01721-JPG.

21. The lawsuit under Biven was directly related to the events/ facts mentioned above. District Judge Gilbert, upon the screening of the civil lawsuit, decided to substitute BOP employees, named as defendants, by the United States of America, for FTCA claims, on four counts. Doc 12, 4/21/22, of the docketsheet.

22. Then in a later decision, Honorable Judge Gilbert, dismissed the FTCA counts, based upon a summary judgment motion by the government. Doc 47, 7/27/23 of the docketsheet, "the FTCA claims shall be dimissed without prejudice for failure to exhaust administrative remedies."

23. The plaintiff herein, proceed for the first time, to file a lawsuit

against the defendant, United States of America, based on the above mentioned events/ facts, after he had exhausted his rememdy and upon Judge Gilbert ruling on the "exhaustion issue". Taking in consideration that FTCA claim was actually exhausted by April 12, 2022 and the fact that the Plaintiff didn't file a lawsuit against the United States, before now, is his respect and obedience to Judge Gilbert previous court orders.

V. LEGAL CLAIMS

24. The plaintiff realleges and reincorporates by reference paragraphs 5-23, supra, within EACH of the following claims for relief.

I. Count One ---- Medical Malpractice Under Federal and Illinois Law

25. Plaintiff contends that government's employees, Harbison, Pass, McGee, Hughes, Moulten, Brooks, and others have committed medical malpractice under Illinois and Federal law, by denying the Plaintiff medical ankle braces, medical shoes, medical bandanges, and other urgent and neccessary medical care for his injured ankle, despite the Plaintiff's ankle was swollen and in need urgent medical attention, and Plaintiff seeks money damages against their employer for medical malpractice under State and Federal law.

II. Count Two --- Negligence Under Federal and Illinois State Law

26. Plaintiff contends that Defendant's employees Warden Sproul, CAPT LaPlant, Case Manager N. Simpkins, Associate Warden Secretary M. Wallace, BOP North Central Regional Office legal assistant N. Fields & Regional Counsel Mary A. Nolands, medical staff at USP Marion Harbison, Pass, Brooks, Hughes, McGee, Moulten, and others have all committed the tort of negligence under Federal and Illinois State law, by denying the Plaintiff medical care and other reasonable care, as stated in the complaint, and the Plaintiff seeks monetary damages against the Defendant for negligence, for his employees breaching their duty to

-7-

provide the Plaintiff with medical care for his foot/ ankle.

III. Count Three --- Civil Conspiracy under Fedral & Illinois State Law

27. Plaintiff contends that Federal Employees Sproul, LaPlant, Simpkins, M. Wallace, N. Fields, M. Nolands, Pass, Harbison, Hughes, Moulten, McGee and others have all engaged in a civil conspiracy to retal-iate against the Plaintiff, for filing complaints about the Plaintiff being denied medical care, by refusing to provide the Plaintiff with medical care, duty care, and other as the Plaitniff previously stated, and the Plaintiff seek damages against the Defendant for negligence & breach of duty under Federal and Illinois State Law.

IV. Count Four --- Intentional Infliction of Emotional Distress

28. The Plaintiff contends that the Defendant's employees refusal to provide the Plaintiff with ANY medical care whatsoever, has caused and still an ongoin cause for the Plaintiff severe and extreme emotional distress, on top of the anxiety, stress and depression that the Plaintiff already suffers from, and for whcih the Plaintiff currently take psychiatric medication, and the Defendant's employees knew that their refusal to provide the Plaintiff with medical care would cause him to suffer extreme emotional distress and the Plaintiff seek monetary damage for IIED under FTCA, against the Defendant.

VI. PRAYER FOR RELIEF

29. WHEREFORE, the Plaintiff respectfully requests that this Honorable Court, GRANT him the following relief to which he may be entitled:

29. A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

30. A preliminary and permanent injunction ordering Defendant's employees to do MRI/ CAT scan for the Plaintiff LEFT FOOT & to assess the damage done to his foot by a professional orthopidist for any

needed medical treatment as a surgery and for use in any future/ upcoming compensatory damages. Also order the Defendant's employee to provide him with medical shoes. Order the Defendant's employees to keep a clear, detailed, instantous medical record for the Plaintif. Order the Defedant's employee to remove him from the custody of FBOP.

31. Compensatory damages in the amount of $10,000,000.00 against the Defendant.

32. A jury trial on all issues triable by jury.

33. Plaintiff's costs in this suit.

34. Any additional relief this court deems just, proper, and equitable.

Dated this 23 day October 2023.

Respectfully submitted,

Ali Kourani #79196054
USP Marion
P.O. Box 1000
Marion, IL 62959

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Excuted at Marion, Illinois on October 23rd, 2023

Ali Kourani

ALI KOU
#791960
United States Penitentiary

P.O. Box 1000

Marion, IL 62959



October 23, 2023

24 Legal pages

MAIL CLEARED
US MARSHALS



MAIL CLEARED
US MARSHALS

"LEGAL MAIL"

United States District Court

For the Southern District of Illinois
  Clerk of the Court
750 Missouri Ave, Rm # 104
E. Saint Louis,  IL 62201

79196-054
        Clerk-Of- The Court-
        S.District OF Illinois
        750 Missouri AVE
        US District Court, Rm#104
        E Saint Louis, IL 62201
        United States

Warden
United States Penitentiary
Marion, IL. 62959
Date: _____ OCT 2 4 2023

The enclosed letter was processed through
special mailing procedures for forwarding to you.
The letter has neither been opened nor inspected.
If the writer raises a question or problem over
which this facility has jurisdiction,
you may wish to return the material for
further information or clarification.
If the writer encloses correspondence for
forwarding to another addressee, please return
to enclosure to the above address.

RECEIVED

OCT 2 6 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
SOUTHEAST ST. LOUIS OFFICE