IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALI KOURANI, #79196-054,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-03501-JPG |
| | ) |
| **USA,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court is a Motion for Summary Judgment (Doc. 44) filed by Defendant United States seeking dismissal of Plaintiff Ali Kourani's Complaint as being time-barred and in violation of 735 ILCS § 5/2-622.[1] The United States did not move for summary judgment on the issue of exhaustion by the original or extended deadlines, so this affirmative defense is **WAIVED**. The United States did not raise an affirmative defense based on the statute of limitations in its Answer (Doc. 28), so this affirmative defense is also **WAIVED**. Finally, the United States did not develop its argument that Kourani failed to timely comply with 735 ILCS § 5/2-622, so the defendant is not entitled to summary judgment on this basis at this time. For these reasons, the pending motion is **DENIED**.

## BACKGROUND

On October 26, 2023, Plaintiff Ali Kourani filed a Complaint against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80. (Doc. 1). He asserted

---

[1] The FTCA claims arise from allegations of medical negligence in Illinois, so the Court looks to that state's law when analyzing such claims. Under Illinois law, a medical malpractice claim must be supported by an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the claim, and it must be supported by a physician's report (certificate of merit) that complies with 735 ILCS § 5/2-622.

1

four FTCA claims stemming from the denial of medical care for foot and ankle injuries at the United States Penitentiary in Marion, Illinois (FCI-Marion).[2]  *Id*.  Kourani previously pursued these same claims as Counts 3 through 6 in *Kourani v. Sproul, et al.*, No. 21-cv-01721-JPG (S.D. Ill. filed Dec. 20, 2021) ("*Kourani I*").  When these claims were dismissed as unexhausted in *Kourani I*, he re-filed them here ("*Kourani II*").  Counts 3 through 6[3] survived screening under 28 U.S.C. § 1915A.  (Doc. 6).

On February 5, 2024, the United States answered the Complaint, raising an affirmative defense based on the failure to exhaust remedies *but not* based on the applicable statute of limitations.  (Doc. 28).  This matter could not proceed to the merits until the issue of exhaustion was resolved, so the Court entered an Initial Scheduling Order (Doc. 30) staying all merits discovery and setting a deadline for filing a dispositive motion on the issue of exhaustion.  The deadline was originally set for June 10, 2024 and was extended at the defendant's request to June 20, 2024.  (Docs. 30, 42, 43).

## MOTION FOR SUMMARY JUDGMENT

The United States filed for summary judgment on June 18, 2024.  (Doc. 44).  In the motion, the defendant asserts that the FTCA claims are all time-barred by the applicable statute of limitations and unsupported by the affidavit or certificate of merit required in 735 ILCS § 5/2-622.

Kourani opposes summary judgment.  (Doc. 46).  He points out that the United States failed to move for summary judgment on the issue of exhaustion of administrative remedies by the original or extended deadlines.  Instead, the United States moved for summary judgment based

---

[2] USP-Marion has been reclassified as a federal correctional institution and is therefore referred to as FCI-Marion herein. *See* https://www.bop.gov/locations/institutions/mar/ (site last visited Jan. 30, 2025).
[3] Counts 1 and 2 were not designated as new claims in *Kourani II*. They were left blank to signify that Counts 1 and 2 were still proceeding under *Bivens* in *Kourani I*.

on an affirmative defense it never raised in the Answer, *i.e.*, the statute of limitations, and based on Kourani's failure to file an affidavit and certificate of merit that was not yet due, according to the Court's own instructions in this case, until a later stage in litigation, *i.e.*, summary judgment on the merits. *Id*.

In its reply, the United States acknowledged that the motion for summary judgment focused on the statute of limitations, instead of exhaustion, and further argued that tolling did not save the claims. (Doc. 53). The United States also maintained that no additional discovery on the merits was necessary before granting summary judgment for non-compliance with 735 ILCS § 5/2-622 because the parties already exchanged voluminous discovery materials in their initial disclosures in this case (*Kourani II*) and the prior case (*Kourani I*). *Id*.

## DISCUSSION

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The United States waived its affirmative defense based on Kourani's failure to exhaust remedies when it missed the original and extended deadlines for filing a dispositive motion on exhaustion. The Initial Scheduling Order provided both parties with instructions and deadlines for litigation. (Doc. 30). In the opening paragraph, the Court clearly warned both parties to "closely read this Order" because "**[f]ailure to follow this order may result in sanctions, including dismissal of the case**." *Id*. at 1 (emphasis in original). The Court then set the deadline for filing a motion for summary judgment on the issue of exhaustion: "Defendant shall have until **June 10, 2024**, to file a motion for summary judgment on the issue of exhaustion of administrative

3

remedies. . . ." *Id*. at 4-5. Defendant was also ordered to "promptly file a motion to withdraw the affirmative defense," if the defendant decided not to pursue summary judgment on this issue before the deadline expired. *Id*. The United States did not pursue summary judgment on the issue of exhaustion but neglected to formally withdraw the affirmative defense. The defendant explained that this was because the decision to withdraw this defense was made *during* summary judgment briefing. (*See* Doc. 53, p. 3). The Court now finds that the United States waived this affirmative defense when it filed no dispositive motion on the issue by the original deadline or extended deadline.

The United States similarly waived any argument that Kourani's claims are time-barred. The record shows that the United States did not plead the statute of limitations as an affirmative defense in the Answer (Doc. 28). In fact, the defendant did not address this defense at all until summary judgment. (Doc. 44). Rule 8(c) of the Federal Rules of Civil Procedure provides that a party responding to a pleading "must affirmatively state any . . . affirmative defense," including the statute of limitations. FED. R. CIV. P. 8. A party waives the affirmative defense by failing to plead it. *See Walker v. Sheahan*, 526 F.3d 973, 979 (7th Cir. 2008); *Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1990). This Court recognizes that the failure to plead a defense can be harmless in some situations, particularly where a plaintiff has adequate notice and an opportunity to respond. *See Blaney v. United States*, 34 F.3d 509, 512-13 & n.3 (7th Cir. 1994) (collecting cases). For this reason, a district court has some discretion to allow affirmative defenses to be amended. This is not one of those situations, however, because the defendant waited too long to raise this defense. *See Walker v. Sheahan*, 526 F.3d at 979 (denying summary judgment based on statute of limitation defense asserted for the first time on summary judgment); *Venters v. City of Delphi*, 123 F.3d 956, 967-68 (7th Cir. 1997) (same). Because this affirmative defense was raised late, it was waived.

Finally, the Court finds that it is still too early to decide whether the United States is entitled to summary judgment based on Kourani's non-compliance with 735 ILCS § 5/2-622. In the Orders entered at Docs. 6 and 52, the Court indicated that Kourani would need to file the affidavit and certificate of merit in order to survive summary judgment on the merits. (Doc. 6, p. 6; Doc. 52, pp. 1-2) (citing *Young v. United States*, 942 F.3d 349 (7th Cir. 2019)). The case has not yet reached the merits. The issue of exhaustion of administrative remedies has only now been resolved, and in light of this, the Court will enter a separate Scheduling and Discovery Order that lifts the stay on merits discovery and allows the parties a reasonable period of time to conduct discovery before filing a dispositive motion on this issue with a fully developed argument in support of any request for relief.

## DISPOSITION

The United States' Motion for Summary Judgment (Doc. 44) is **DENIED**. The affirmative defenses based on the statute of limitations and the failure to exhaust administrative remedies are **WAIVED**. The Court will separately enter a Scheduling and Discovery Order lifting the stay on merits discovery and setting forth instructions and deadlines for litigation going forward, including a deadline for Kourani to file the affidavit and certificate or merit in compliance with 735 ILCS § 5/2-622 and for the United States to file a dispositive motion on this issue.

**IT IS SO ORDERED.**

**DATED:  1/31/2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**