UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALI KOURANI,

       Plaintiff,

     v.

UNITED STATES OF AMERICA,

       Defendant.

Case No. 23-cv-3501-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Ali Kourani's "Motion to Dismiss Defendant's Motion for Summary Judgment" and its attachments (Doc. 58). In this case, Kourani brings several claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680, arising out of Bureau of Prisons' employees' alleged failure to properly address his ankle and heel injuries. The defendant United States of America has moved for summary judgment on the grounds that Kourani has failed to file the certificate of medical merit required by 735 ILCS § 5/2-622 as an element of his case.

The attachments to Kouriani's motion attach other motions he says he mailed to the Court on May 5, 2025, but which the Court never received or docketed. One of those motions ask for an extension of 60 days beyond the June 3, 2025, deadline for discovery and for filing a certificate of merit in support of Kourani's medical claims as required by 735 ILCS § 5/2-622 and the FTCA (Doc. 58 at 9-11). His second motion seeks recruitment of counsel to assist him in getting the certificate of merit and in the trial of this case (Doc. 58 at 11-14).

## I.	Motion for Extension of Time

The Court will grant Kourani's request for an extension of time of 60 days to obtain the certificate of merit required by state law. Kourani's incarceration undoubtedly has made it difficult for him to obtain the necessary certificate on time. It has likely involved mailing medical records to

an outside physician for evaluation and comment, then mailing them back to Kourani.  Mailing to

and from a relatively remote location like the Federal Correctional Institute at Marion, Illinois

("FCI-Marion") can take weeks at a time, so there is good cause to extend this deadline.  Kourani

shall have 60 days from entry of this order to submit a certificate of merit.

The Court will not extend this deadline further (unless recruiting counsel takes an inordinate

amount of time) in light of the fact that Kourani should have known of the need for a certificate of

merit pursuant to 735 ILCS § 5/2-622 since at least August 2022, when the United States first

asserted the affirmative defense in its Answer in Kourani's prior case asserting the same FTCA

causes of action.  *See Kourani v. Sproul*, 21-cv-1721-JPG (Aug. 19, 2022; Doc. 29 at 6); *see also*

Def's Answer (Feb. 5, 2024; Doc. 28 at 11).  The Court gives Kourani 60 more days as a final nod

to the difficulties incarceration poses, but it believes nearly three years is more than enough time to

obtain the needed certificate.  At some point, the inability to obtain a certificate of merit indicates

the case has no merit and should be dismissed.

The Court will deny Kourani's request for an extension of the discovery deadline.  To the

extent outstanding discovery disputes exist, the Court directs the parties to raise them by separate

motion.  Further, to the extent the discovery responses from the United States may have reached

Kourani late—the United States has provided evidence of timely mailing but an extreme delay

(which is sadly becoming more commonplace) by the U.S. Postal Service in delivering the

responses to FCI-Marion's post office box—the United States argues the response was not

necessary to Kourani's ability to produce the certificate of merit.  Once the certificate of merit issue

is resolved, the Court may reconsider extending the discovery deadline.

## II.       Recruitment of Counsel

Whether to assign an attorney to represent an indigent civil litigant is within the sound

discretion of the district court.  *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County*

*of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. U.S. District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rules 83.1(j) and 83.8(b) obligate members of the bar of this Court to accept assignments.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history. *Id.*

As the Court noted in Kourani's prior lawsuit asserting a *Bivens* claim about the same injury, *Kourani v. Sproul*, No. 21-cv-1721-JPG, he is indigent and unable to afford counsel. He is also an inmate in the custody of the Bureau of Prisons and is housed in the Communications Management Unit ("CMU") at FCI-Marion. He states that he has been unable to find an attorney to represent him in this matter and points to several legal firms and organizations he has asked. He seeks counsel to assist him immediately to obtain the necessary certificate of merit and, if the case proceeds beyond that stage, to investigate the case and to represent him at trial. In light of the complexity of the medical claims at issue and his placement in the CMU, the presence of counsel is likely to make a difference in the outcome of this case. The Court finds Kourani has satisfied both *Pruitt* factors by demonstrating his efforts to find counsel despite his placement in the CMU and

3

showing that he requires the guiding hand of counsel to litigate this complex matter efficiently and

effectively.  The Court will grant Kourani's request for recruitment of counsel and will assign

counsel by separate order.

## III.   "Motion to Dismiss"

The Court will deny Kourani's "motion to dismiss" the motion for summary judgment (Doc.

58) but will extend the time to respond to the motion to 60 days from entry of this order, by which

time Kourani will have obtained a certificate of merit or will have failed.

## IV.   Conclusion

For the foregoing reasons, the Court:

- **DENIES** Kourani's motion to dismiss the United States' motion for summary judgment (Doc. 58);

- **RESERVES RULING** on the United States' motion for summary judgment (Doc. 56);

- **ORDERS** that Kourani shall have 60 days from entry of this order to obtain and produce the documents required to support his claims under 735 ILCS § 5/2-622 as well as to respond to the United States' motion for summary judgment (Doc. 56);

- **DENIES** Kourani's request for an extension of the discovery deadline; and

- **GRANTS** Kourani's request for recruitment of counsel, who will be assigned by separate order.

**IT IS SO ORDERED.**
**DATED:  July 2, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**