UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALI KOURANI,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 23-cv-03501-JPG

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant United States of America's Motion for Summary Judgment (Doc. 56). It asks the Court to enter summary judgment in its favor on all four of Plaintiff Ali Kourani's remaining claims. Kourani filed a response (Doc. 90).

## I. BACKGROUND

Kourani filed this lawsuit on October 26, 2023, seeking damages under the Federal Tort Claims Act ("FTCA") for the denial of medical care for his foot and ankle injuries while he was housed at the United States Penitentiary in Marion, Illinois ("USP-Marion"). The Court screened the complaint pursuant to 28 U.S.C. § 1915A, and four claims survived screening: (1) medical malpractice (Count 3); (2) negligence (Count 4); (3) civil conspiracy (Count 5); and (4) intentional infliction of emotional distress (Count 6). In the screening order, the Court notified Kourani that, to survive summary judgment, he would have to submit a certificate of merit that complies with the requirements of 735 ILCS 5/2-622.

On February 4, 2025, the Court entered a Scheduling and Discovery Order (Doc. 55) that set the deadline for Kourani to file a certificate of merit as June 3, 2025. Kourani failed to file a certificate of merit by the deadline, prompting the United States to file the instant motion. Since then, the Court has assigned three different attorneys to represent Kourani and granted him five

extensions to file the required certificate of merit. In the interim, the Supreme Court decided *Berk v. Choy*, 607 U.S. 187 (2026). The parties have filed supplemental briefs addressing the effect of the decision on this case (Docs. 76, 79). Kourani also discusses the application of *Berk* in his response brief.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014) (citing FED. R. CIV. P. 56(a)); *accord Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681–82 (7th Cir. 2014).

## III. ANALYSIS

The FTCA provides a limited waiver of the United States' sovereign immunity for civil actions seeking money damages for personal injury or death caused by the negligent or wrongful acts of its employees. *See* 28 U.S.C. § 1346(b)(1). It allows the United States to be held liable only "to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The acts or omissions alleged in this case occurred at USP-Marion, so Illinois substantive law applies.

To prevail on a medical malpractice claim under Illinois law, the plaintiff must prove "(1) the proper standard of care for the defendant physicians; (2) an unskilled or negligent failure to comply with the appropriate standard; and (3) a resulting injury proximately caused by the

physicians' failure of skill or care." *Jinkins v. Evangelical Hosps. Corp.*, 783 N.E.2d 123, 126–27 (Ill. App. Ct. 2002); *accord Wipf v. Kowalski*, 519 F.3d 380, 384 (7th Cir. 2008). In addition to these elements, Illinois law requires a plaintiff asserting a medical malpractice claim to file with his complaint an affidavit from his attorney and a medical report from a health professional. 735 ILCS 5/2-622(a).

The United States argues that it is entitled to summary judgment on all four of Kourani's remaining claims because he failed to file a certificate of merit as required by § 5/2-622. To support this argument, it cites *Young v. United States*, 942 F.3d 349 (7th Cir. 2019). In *Young*, the Seventh Circuit held "that a complaint in federal court cannot properly be dismissed because it lacks an affidavit and report under § 5/2-622." *Id.* at 351. It explained that "Rule 8 of the Federal Rules of Civil Procedure specifies what a complaint must contain" and "does not require attachments." *Id.* It nevertheless concluded that § 5/2-622 still applies "to the extent that it is a rule of *substance*," reasoning that the statute's substantive goal could be achieved by applying the requirement at the summary-judgment stage. *Id.* at 351–52.

In *Berk*, the Supreme Court considered a similar Delaware statute requiring a complaint alleging health-care negligence to be accompanied by an affidavit of merit. 607 U.S. at 190; Del. Code, tit. 18, § 6583(a)(1). The Supreme Court held that the statute does not apply in federal court because it conflicts with Federal Rule of Civil Procedure 8, a rule that is valid under the Rules Enabling Act. *Berk*, 607 U.S. at 198–99. In reaching its conclusion, the Supreme Court rejected the reasoning underlying the Seventh Circuit's approach in *Young* of applying the certificate of merit requirement "to the extent it is a rule of *substance*." 942 F.3d at 351–52. It explained that "the substantive nature of [a state] law, or its substantive purpose, *makes no difference*." *Berk*, 607

U.S. at 199 (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 409 (2010) (plurality opinion)).

Thus, contrary to the United States' contentions, *Young* and *Berk* are not in harmony. Rather, after *Berk*, the certificate of merit requirement in § 5/2-622 does not apply in federal court. *See Brady v. Illinois Dep't of Corr.*, No. 23-cv-295-SMY, 2026 WL 1615279, at *4 (S.D. Ill. June 5, 2026); *Lillard v. Crane*, No. 3:22-cv-3117-GCS, 2026 WL 2546010, at *7 (S.D. Ill. Aug. 28, 2026); *Sereda v. Nw. Mem'l Hosp.*, No. 1:24-cv-06665, 2026 WL 858754, at *1 (N.D. Ill. Mar. 27, 2026). Because the certificate of merit requirement does not apply in federal court, declining to apply it to FTCA claims does not expand the United States' liability beyond that of "a private individual under like circumstances." 28 U.S.C. § 2674.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the United States' Motion for Summary Judgment (Doc. 56). The Court will set a telephone status conference by separate order to address the United States' request for additional time to file a dispositive motion on the merits and Kourani's request for leave to conduct additional discovery.

**IT IS SO ORDERED.**
**DATED**: **November 13, 2026**

**J. PHIL GILBERT**
**United States District Judge**